MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
CHARLES SONG (CSBN 204497)
Senior Trial Attorney
VICTORIA YEE (CSBN 326366)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (202) 961-4632
Fax:  (213) 894-2064
Song.charles.c@dol.gov
*Attorneys for Plaintiff Martin J. Walsh*
*Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J. Walsh,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br>          v.<br><br>VH Harvesting, an Arizona LLC; T & K<br>Feeds, Inc., an Arizona corporation; Preston<br>Van Hofwegen, an individual.<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT** |

COMPLAINT
Case No.

**INTRODUCTION**

The Secretary of Labor brings this action pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. §§ 501.16(b) & (c) to prevent Defendants VH Harvesting, LLC; T & K Feeds, Inc., Preston Van Hofwegen, and all those in active concert or participation with them, from violating their obligations under the H-2A program regarding their employment of H-2A temporary agricultural workers. An investigation conducted by officials from the Department of Labor ("DOL") found illegal and potentially deadly working conditions, including guest workers driving dangerous semi-trucks for hours far exceeding federal standards. The investigation also showed that H-2A agricultural workers were being illegally housed in overcrowded conditions, and that Defendants were not paying their employees as required by the statute and implementing regulations.  The Secretary is charged with enforcing the H-2A regulations to ensure both that the rights of the temporary agricultural workers are not violated and that domestic workers and employers are not disadvantaged by the illegal exploitation of workers in violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101, *et seq*.

The Secretary seeks an injunction prohibiting Defendants from providing unsafe transportation 20 C.F.R. § 655.122(h)(4) and 20 C.F.R. § 655.135(e), from housing these employees in overcrowded conditions that violate 8 U.S.C. § 1188(c)(4), from failing to maintain records as required by 20 C.F.R. § 655.122(j), from failing to pay the wage rate required by 20 C.F.R. § 655.120(a), and from retaliating and otherwise discriminating against the temporary guest workers under 20 C.F.R. § 501.4.

**PARTIES**

1.      Martin J. Walsh is the Secretary of Labor, United States Department of Labor.

2.      Defendant VH Harvesting is an Arizona limited liability company engaged in the business of dairy and harvesting agricultural products at 33355 W. Barnes Rd., Stanfield, AZ 85172. Defendant VH Harvesting is named as the employer of H-2A temporary guest workers under H-2A Case No. H-300-21350-769065. At all material

COMPLAINT
Case No.                                                                                           Page 1

1  times, VH Harvesting has been an "employer" within the meaning of 8 U.S.C. § 1188 and

2  the implementing regulations at 20 C.F.R. § 655.103.

3        3.     Defendant Preston Van Hofwegen is the owner and manager of VH

4  Harvesting. On information and belief, Defendant Van Hofwegen has the ability to hire,

5  fire, pay, and supervise VH Harvesting's employees and at all material times has been an

6  "employer" within the meaning of 8 U.S.C. § 1188 and the implementing regulations at

7  20 C.F.R. § 655.103(b). Defendant Van Hofwegen signed the job order for H-2A Case

8  No. H-300-21350-769065 containing the terms and conditions of employment for the

9  H-2A temporary guest workers employed by Defendant VH Harvesting.

10        4.     Defendant T & K Feeds, Inc. is an Arizona corporation engaged in the

11  business of agriculture, forestry, fishing, and hunting and is located in Maricopa, AZ

12  85139. At all material times, T & K Feeds, Inc. has been a "joint employer" within the

13  meaning of 20 C.F.R. § 655.103(b). Employees are currently working for T & K Feeds,

14  Inc. for 5 to 6 days a week doing the same type of work they performed for VH Harvesting.

15  T & K Feeds, Inc. gives directions to the workers about what to do, pays them for certain

16  jobs, maintains workers' time logs, and recently directed workers to download an app to

17  clock in and out. T & K Feeds, Inc. controls the workers' pay and work schedules.

18  Recently, after receiving complaints from workers, T & K Feeds, Inc., changed workers'

19  hourly pay, T & K Feeds also changed the work schedule to 10-12 hours per day with

20  Sunday off.

21  **JURISDICTION**

22        5.     This Court has subject matter jurisdiction under 29 C.F.R. § 501.16(b). The

23  Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

24  **VENUE**

25        6.     Venue is proper because the actions giving rise to this Complaint took place

26  in and around Stanfield, Arizona.

27  //

28

COMPLAINT
Case No.                                                                                    Page 2

**DEFENDANTS VIOLATED THEIR OBLIGATIONS AS H-2A EMPLOYERS**

7.    In petitioning for H-2A temporary guest workers, VH Harvesting represented to the government that these guest workers would be operating harvesting machines in Arizona and Kansas. But instead of employing the workers in agriculture as represented, VH Harvesting employed them as interstate truck drivers driving unsafe semi-trucks.

8.    Beginning on or about March 2022, Defendants violated their obligations under 20 C.F.R. § 655.122 in that Defendants required the workers to perform work that was not authorized in the clearance order that they filed with the DOL.

9.    Beginning on or about March 2022, Defendants violated their obligation under 20 C.F.R. § 655.122(h)(4) and 20 C.F.R. § 655.135(e) to provide the workers with safe employer-provided transportation. Defendants knowingly required workers to drive unsafe semi-trucks for hours exceeding federal standards.

10.    Beginning on or about March 2022, Defendants violated their obligation under 8 U.S.C. § 1188(c)(4) and 20 C.F.R. § 655.122(d) to provide the workers with appropriate housing at no cost to the workers. Defendants required workers to live and sleep in the back of the cab of semi-trucks that did not have functioning air conditioning and share a bed with another worker.

11.    Beginning on or about March 2022, Defendants violated their obligation under 20 C.F.R § 655.122(g) to provide the workers with three meals per day or access to kitchen facilities. Workers have had to use their own money to buy food. Sometimes, workers did not have money for food because of delayed pay and were forced to work without eating.

12.    Beginning on or about March 2022, Defendants violated their obligation under 20 C.F.R § 655.122(l) to pay the workers the adverse effect wage rate. Defendants have paid workers rates between $100-$150/day for workdays lasting 14-16 hours, resulting in an hourly rate below that required under the H-2A program.

COMPLAINT
Case No.                                                                                              Page 3

13.     Beginning on or about March 2022, Defendants violated their obligation under 20 C.F.R § 501.4 to not "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any person who has" sought protections under the H-2A program. Defendants threatened to call law enforcement or immigration officials on workers who complained about workplace conditions.

## CLAIM FOR RELIEF

### Violations of H-2A Program Obligations and H-2A Job Order

14.     Defendants have violated and are violating provisions of the Immigration and Nationality Act (INA), 8 U.S.C. § 1188, its implementing regulations at 20 C.F.R. Part 655, and Defendants' job order for H-2A Case No. H-300-21350-769065 through employing H-2A workers in the manner described in the paragraphs above.

## RELIEF SOUGHT

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A.      For an Order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating provisions of 8 U.S.C § 1188(a) and the implementing regulations at 20 C.F.R. Part 655.

B.      Recovering the wages due to the H-2A workers who were not paid in accordance with the INA.

C.      Awarding the Secretary of Labor the costs of this action; and,

D.      Providing such further legal and equitable relief as may be deemed appropriate.

Dated:  October 20, 2022                              Respectfully submitted,
                                                      SEEMA NANDA
                                                      Solicitor of Labor

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

VICTORIA YEE
Trial Attorney

*/s/ Charles Song*
CHARLES SONG
Senior Trial Attorney

Attorneys for the Plaintiff