# EXHIBIT 2

MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
CHARLES C. SONG
Senior Trial Attorney
VICTORIA YEE
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894-1594
yee.victoria.w@dol.gov
*Attorneys for Plaintiff*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>VH Harvesting LLC.<br><br>Defendants. | Case No.<br><br>**DECLARATION OF KRISTINA M. ESPINOZA IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

I, Kristina Espinoza, hereby declare as follows:

1.  I am employed as an Investigator with the U.S. Department of Labor Wage and Hour Division ("WHD") in the Phoenix District Office. If called as a witness, I could and would testify competently to the following.

2.  I have been assigned to investigate the living and working conditions of VH Harvesting's H2A workers.  As part of the investigation, I have reviewed

documentation and interviewed VH Harvesting's H2A workers regarding VH Harvesting's H2A program and the living and working conditions of the workers VH Harvesting brought to the United States through the H2A program.

3. VH Harvesting applied for temporary employment certification (permission to hire and obtain H2-A visas for foreign agricultural workers) in or about December 2021. VH Harvesting recruited workers from Mexico under this H-2A work order.

4. In its application, VH Harvesting stated that it sought workers for a "Custom Harvester" position at approximately 48 hours a week. Job duties included operating harvesting machines, driving a truck to transport crops to a storage area, and making in field repairs.

5. VH Harvesting further stated that it would provide kitchen facilities so that workers may prepare their own meals and transportation once a week to ensure that workers had access to a grocery store. VH Harvesting also represented that employer-provided housing and laundry facilities would be made available at no cost to the workers.

6. VH Harvesting also stated in its application that it would comply with federal wage and hour law and compensate workers at not less than the federal minimum wage, the prevailing wage rate in the area, or the "adverse effect wage rate," whichever is highest.

7. Multiple workers reported being required to drive unsafe semi-trucks for hundreds of miles across state lines for 12 to 14 hours, 7 days a week. Reported issues include missing motor brakes, significant oil leaks, and improperly attached and/or faulty trailer attachments.

8. Multiple workers also reported that they were not provided meals or kitchen facilities and that they were unable to buy their own food because they were paid late. Workers also reported that some nights they had to sleep in the cab of their trucks which did not have kitchen facilities, heaters or air conditioners,

and water leaked into the cab.  Many times, the workers were not provided bathroom and laundry facilities.

9.  The investigation revealed evidence that the workers are not being paid the federal minimum wage, prevailing wage rate, or adverse effect wage rate. Workers reported working 14-16 hours a day, 7 days a week for various employers in different states without any break, and then being paid $100 to $150 per day. There were also reports of late or missing pay checks.

10. WHD has found that VH Harvesting is in joint employment with TK Feed and that H2A workers entered the U.S. pursuant to visas issued under VH Harvesting but have worked and are working for TK Feed.  When working for TK Feed, VH Harvesting did not have any representatives, managers, or supervisors manage the workers.  The investigation revealed that TK Feed determined the workers had the skills to drive semi-trucks, provided the semi-trucks they drove, and controlled, among other things, the hours they drove, transportation, and where they worked and lived.  These employees stated a representative of TK Feed directed their work by scheduling their hours, and whether or not they received lunch and/or breaks.

11. Multiple workers have expressed fear of retaliation if VH Harvesting learned they spoke with DOL.

12. Attached as Exhibit A is a true and correct copy of VH Harvesting's Form ETA-790A, H-2A Agricultural Clearance Order dated December 22, 2021.

13. Attached as Exhibit B is a true and correct copy of VH Harvesting's Form ETA-9142A, H-2A Application for Temporary Employment Certification.

14. Attached as Exhibit C is a true and correct copy of VH Harvesting's APPENDIX A to Form ETA-9142A, H-2A Application for Temporary Employment Certification dated December 21, 2021.

15. Attached as Exhibit D is a true and correct copy of VH Harvesting's Approval of Form ETA-9142A, H-2A Application for Temporary Employment

Certification– Final Determination: H-2A Temporary Labor Certification Approval dated January 24, 2022.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Phoenix, Arizona on October 19, 2022.

/s/ *Kristina Espinoza*
Kristina Espinoza

# EXHIBIT A



OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

### A. Job Offer Information

| | | | |
|---|---|---|---|
| 1. Job Title * | Custom Harvester | | |

| 2. Workers Needed * | a. Total | b. H-2A | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 60 | 49 | 3. Begin Date * 3/1/2022 | 4. End Date * 12/1/2022 |

5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? *
If "Yes", proceed to question 8.  If "No", complete questions 6 and 7 below.  ☐ Yes ☒ No

6. Anticipated days and hours of work per week *

| 48 | **a. Total Hours** | 8 | c. Monday | 8 | e. Wednesday | 8 | g. Friday | 8 |
| 0 | b. Sunday | 8 | d. Tuesday | 8 | f. Thursday | 8 | h. Saturday | |

7. Hourly work schedule *
a. __8__ : 00  ☒ AM  ☐ PM
b. __5__ : 00  ☐ AM  ☒ PM

**Temporary Agricultural Services and Wage Offer Information**

8a. Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

Operates self-propelled custom class harvesting machines to harvest a variety of grain and oilseed silage crops such as wheat, alfalfa, milo; adjusts settings of harvesting machinery; drives truck to transport crops to storage area; drives truck to move harvesting machines between worksites; services machinery, and makes in field repairs; driving farm vehicle; minor daily and incidental upkeep to equipment and worksite.

| 8b. Wage Offer * | 8c. Per * | 8d. Piece Rate Offer § | 8e. Piece Rate Units/Special Pay Information § |
|---|---|---|---|
| $ __14 79__ | ☒ HOUR  ☐ MONTH | $ __.___ | |

9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities and wage offers attached to this job offer? *   ☐ Yes ☒ No

10. Frequency of Pay. * ☐ Weekly ☒ Biweekly ☐ Monthly ☐ Other (specify): __N/A__

11. State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
See ADD C

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



**B.  Minimum Job Qualifications/Requirements**

1.  Education: minimum U.S. diploma/degree required. *
☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or Higher  ☐ Other degree (JD, MD, etc.)

| 2.  Work Experience: number of <u>months</u> required. * | 3 | 3.  Training: number of <u>months</u> required. * | 0 |
|---|---|---|---|

4.  Basic Job Requirements (check all that apply) *

☐ a.  Certification/license requirements
☑ b.  Driver requirements
☐ c.  Criminal background check
☑ d.  Drug screen
☑ e.  Lifting requirement  75_____ lbs.

☑ g.  Exposure to extreme temperatures
☑ h.  Extensive pushing or pulling
☐ i.  Extensive sitting or walking
☐ j.  Frequent stooping or bending over
☑ k.  Repetitive movements

| 5a.  Supervision: does this position supervise the work of other employees?  ☐ Yes  ☑ No | 5b.  If "Yes" to question 5a, enter the number of employees worker will supervise. **§** | |
|---|---|---|

6.  Additional Information Regarding Job Qualifications/Requirements.
*(Please begin response on this form and use Addendum C if additional space is needed.  If no additional skills or requirements, enter "**NONE**" below)* *
See ADD C

**C.  Place of Employment Information**

1.  Address/Location *
33355 W Barnes Rd

| 2.  City *  Stanfield | 3.  State *  Arizona | 4.  Postal Code *  85172 | 5.  County *  Pinal |
|---|---|---|---|

6.  Additional Place of Employment Information  *(If no additional information, enter "**NONE**" below)* *
Worksite is controlled/operated by the employer.
Itinerary is estimated based on normal crop/weather conditions and is subject to change.
Employer will provide an effective means, such as radio transmitter, wireless device, or other types of electronic communication systems, of communicating with persons capable of helping in case of an emergency.

| 7.  Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

**D.  Housing Information**

1.  Housing Address/Location *
12684 W Gila Bend Hwy

| 2.  City *  Casa Grande | 3.  State *  Arizona | 4.  Postal Code *  85193 | 5.  County *  Pinal |
|---|---|---|---|

| 6.  Type of Housing *  Motel | 7.  Total Units *  30 | 8.  Total Occupancy *  60 |
|---|---|---|

| 9.  Housing complies or will comply with the following applicable standards: * | ☑ Local  ☑ State  ☑ Federal |
|---|---|

10.  Additional Housing Information.  *(If no additional information, enter "**NONE**" below)* *
Room with dinette rented

| 11.  Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

*OMB Approval: 1205-0466*
*Expiration Date:* 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## E.  Provision of Meals

<table>
<tr><td>

1.  Describe <u>how</u> the employer will provide each worker with 3 meals a day or furnish free and convenient cooking and kitchen facilities. * *(Please begin response on this form and use Addendum C if additional space is needed.)*
See ADD C

</td></tr>
</table>

| 2.  If meals are provided, the employer: * | ☑ **WILL NOT** charge workers for such meals. |
| --- | --- |
| | ☐ **WILL** charge workers for such meals at | $ _____ . _____ per day per worker. |

## F.  Transportation and Daily Subsistence

1.  Describe the terms and arrangement for daily transportation the employer will provide to workers. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
See ADD C

2.  Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (i.e., inbound) and (b) from the place of employment (i.e., outbound). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
See ADD C

| 3.  During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a.  no less than | $ 13 . 17 | per day * |
| --- | --- | --- | --- |
| | b.  no more than | $ 55 . 00 | per day with receipts |

**Form ETA-790A**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page 3 of 8

H-2A Case Number: H-300-21350-769065  Case Status: _____ Determination Date: _____ Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



**G. Referral and Hiring Instructions**

1. Explain <u>how</u> prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer, or the employer's authorized hiring representative, methods of contact, and the days and hours applicants will be considered for the job opportunity. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

See ADD C

| 2. Telephone Number to Apply * | 3. Email Address to Apply * |
|---|---|
| +1 (602) 540-0182 | N/A |

| 4. Website address (URL) to Apply * |
|---|
| https://arizonaatwork.com/find-jobs |

**H. Additional Material Terms and Conditions of the Job Offer**

| 1. Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

Form ETA-790A                         **FOR DEPARTMENT OF LABOR USE ONLY**                         Page 4 of 8

H-2A Case Number:  H-300-21350-769065          Case Status: _____  Determination Date: _____  Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## I.  Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**:  Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an H-2A *Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR 653, subpart F and the requirements set forth in 20 CFR 655.122.  This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR 655, Subpart B.  The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**:  Employer assures that this job opportunity, including all worksites for which the employer is requesting H-2A labor certification does not currently have workers on strike or being locked out in the course of a labor dispute.  20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**:  Employer agrees to provide for or secure housing for H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day.  That housing complies with the applicable local, State, or Federal standards and is sufficient to house the specified number of workers requested through the clearance system.  The employer will provide the housing without charge to the worker.  Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing.  If public accommodations are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management.  The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers.  However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation.  When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*:  Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, or Federal standards at least 20 calendar days before the housing is to be occupied.  20 CFR 653.502(a)(3).  The Certifying Officer will not certify the application until the housing has been inspected and approved.

4. **WORKERS' COMPENSATION COVERAGE**:  Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment.  If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for other comparable employment.  20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**:  Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned.  20 CFR 655.122(f).

6. **MEALS**:  Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals.  Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals.  The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g).

   For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals.  To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so.  20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**:  Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

   A.  *Transportation to Place of Employment (Inbound)*

   If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker has come to work for the employer, whether in the U.S. or abroad to the place of employment.  The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will it be less than the amount permitted under 20 CFR 655.173(a).  The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

   B.  *Transportation from Place of Employment (Outbound)*

   If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, departed to work for the employer.  Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

**Form ETA-790A**   **FOR DEPARTMENT OF LABOR USE ONLY**   Page 5 of 8

H-2A Case Number:  H-300-21350-769065   Case Status: _____   Determination Date: _____   Validity Period: _____ to _____



If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's worksite to such subsequent employer's worksite, the employer must provide for such expenses.  If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's worksite to such subsequent employer's worksite, the subsequent employer must provide or pay for such expenses.

The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the 50 percent rule as described in sec. 655.135(d) of this subpart with respect to the referrals made after the employer's date of need. 20 CFR 655.122(h)(2).

C.  *Daily Transportation*

Employer agrees to provide transportation between housing provided or secured by the employer and the employer's worksite(s) at no cost to the worker. 20 CFR 655.122(h)(3).

D.  *Compliance with Transportation Standards*

Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.105 and 29 CFR 500.120 to 500.128.  If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation.  Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8.  **THREE-FOURTHS GUARANTEE**:  Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any.  20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday.  For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays.  If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days.  An employer will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order.  All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met.  Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met.  20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee.  20 CFR 655.122(i).

If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee.  The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CPR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule).  20 CFR 655.122(i).

*Important Note*:  In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9.  **EARNINGS RECORDS**:  Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained.  All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation.  Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives.  The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor.  20 CFR 655.122(j).

10.  **HOURS AND EARNINGS STATEMENTS**:  Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) If piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN.  20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k).  The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range.  If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

**Form ETA-790A**                                                   **FOR DEPARTMENT OF LABOR USE ONLY**                                                   Page 6 of 8

H-2A Case Number:  H-300-21350-769065          Case Status: _____   Determination Date: _____   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



11. **RATES OF PAY**:  The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), the prevailing hourly wage rate, the prevailing piece rate, the agreed-upon collective bargaining rate, or the Federal or State minimum wage rate, in effect at the time work is performed, whichever is highest.  If the worker is paid by the hour, the employer must pay this rate for every hour or portion thereof worked during a pay period.  If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing hourly wage or piece rate, the legal Federal or State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest.

If the worker is paid on a piece rate basis and at the end of the pay period the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate of pay, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked.  20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof.  If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer assures that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions.  The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order.  The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons.  20 CFR 655.210(g).

12. **FREQUENCY OF PAY**:  Employer agrees to pay workers when due based on the frequency disclosed in this clearance order.  20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**:  If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the Federal Register, not later than 2 working days after the abandonment or termination occurs.  A worker will be deemed to have abandoned the work contract if the worker fails to show up for work at the regularly scheduled time and place for 5 consecutive work days without the consent of the employer.  20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**:  The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the U.S. Department of Labor.  In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination.  The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. 20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's worksite if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's worksite to the subsequent employer's worksite.  20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**:  Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**:  Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the required terms of this clearance order, including all Addendums, and the certified *H-2A Application for Temporary Employment Certification* will be the work contract. 20 CFR 655.122(q).

**Form ETA-790A**                    **FOR DEPARTMENT OF LABOR USE ONLY**                 Page 7 of 8

H-2A Case Number:   H-300-21350-769065     Case Status: _____    Determination Date: _____    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

A. Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated date of need, unless the employer has amended the date of need at least 10 business days before the original date of need by so notifying the Order-Holding Office (OHO) in writing (e.g., e-mail notification). The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended date of need expeditiously. 20 CFR 653.501(c)(3)(i).

If there is a change to the anticipated date of need, and the employer fails to notify the OHO at least 10 business days before the original date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated date of need or will provide alternative work if such alternative work is stated on the clearance order. 20 CFR 653.501(c)(5).

B. Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above. 20 CFR 653.501(c)(3)(ii).

C. Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws. 20 CFR 653.501(c)(3)(iii).

D. Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment. 20 CFR 653.501(c)(3)(iv).

E. If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate. 20 CFR 653.501(c)(3)(v).

F. Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

*I **declare** under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate. This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job. 20 CFR 653.501(c)(3)(viii). I understand that to knowingly furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both. 18 U.S.C. 2, 1001.*

| 1. Last (family) name * | 2. First (given) name * | 3. Middle initial § |
|---|---|---|
| Van Hofwegen | Preston | |
| 4. Title * | | |
| Owner | | |

| 5. Signature  (or digital signature) * | | 6. Date signed * |
|---|---|---|
| Digital Signature Verified and Retained By | *Certifying Officer* | 12/22/2021 |

**Employment Service Statement**

In view of the statutorily established basic function of the Employment Service (ES) as a no-fee labor exchange, that is, as a forum for bringing together employers and job seekers, neither the Department of Labor's Employment and Training Administration (ETA) nor the SWAs are guarantors of the accuracy or truthfulness of information contained on job orders submitted by employers. Nor does any job order accepted or recruited upon by the ES constitute a contractual job offer to which the ETA or a SWA is in any way a party. 20 CFR 653.501(c)(1)(i).

**Public Burden Statement** *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average .63 hours per response for all information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing, reviewing, and submitting the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (44 U.S.C. 3501, Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Suite PPII 12-200, Washington, DC, 20210. (Paperwork Reduction Project OMB 1205-0466). DO NOT send the completed application to this address.

Form ETA-790A        **FOR DEPARTMENT OF LABOR USE ONLY**        Page 8 of 8

H-2A Case Number: H-300-21350-769065   Case Status: _____   Determination Date: _____   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| VH Harvesting | 33355 W Barnes Rd<br>Stanfield, Arizona 85172<br>PINAL | AZ AEWR $14.79 | 3/1/2022 | 12/1/2022 | 60 |
| Southwest Ag | 2611 W Jones Ave<br>Garden City, Kansas 67846<br>FINNEY | KS AEWR $16.47 | 4/1/2022 | 6/1/2022 | 60 |
| Southwest Ag | 2611 W Jones Ave<br>Garden City, Kansas 67846<br>FINNEY | KS AEWR $16.47 | 8/1/2022 | 12/1/2022 | 60 |
| Desert Cross Farms | 3345 N Fuqua Rd<br>Stanfield, Arizona 85172<br>PINAL | AZ AEWR $14.79 | 3/1/2022 | 12/1/2022 | 60 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Form ETA-790A Addendum B**                     **FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065      Case Status: _____      Determination Date: _____      Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## D. Additional Housing Information

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Applicable Housing Standards * |
|---|---|---|---|---|---|
| Motel | 1612 Buffalo Jones Ave Garden City, Kansas 67846 FINNEY | Rented rooms with kitchenettes | 30 | 60 | ☑ Local ☑ State ☑ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |
| | | | | | ☐ Local ☐ State ☐ Federal |

Page B.2 of B.2

Form ETA-790A Addendum B

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065     Case Status: _____     Determination Date: _____     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

a. Job Offer Information 1

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - *Additional Details |
| --- | --- | --- | --- |

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Should the Employers worker's compensation insurance policy expire during the work contract period in which workers are employed under the H-2A program, the worker's compensation insurance policy will be renewed so that workers are covered for the entire duration of the contract.

Bonus may be offered to any seasonal worker employed pursuant to this job order, at the company's sole discretion, based on individual factors including work performance, skill, and tenure.

The Employer may terminate a worker if a worker: refuses without justified cause to perform work for which the worker was recruited and hired; or commits a serious act of misconduct; or fails, after completing any training or break-in period, to be able to perform all of the tasks described in the job order. If the worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, and the employer notifies the SWA, DOL, and USCIS in the case of an H2A worker, the employer will not be responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and the worker is not entitled to the three-fourths guarantee.

b. Job Offer Information 2

| 1. Section/Item Number * | E.1 | 2. Name of Section or Category of Material Term or Condition * | Meal Provision - Provision of Cooking Facilities |
| --- | --- | --- | --- |

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will furnish free and convenient cooking and kitchen facilities, all of which are in working order, including refrigeration, space for food preparation, cooking accessories and utensils, appliances, and dishwashing facilities so that workers may prepare their own meals. Kitchen facilities include adequate sinks with hot and cold water under pressure. Employer will provide transportation once a week to assure workers access to stores where they can purchase groceries.

Page C.1 of C.5

Form ETA-790A Addendum C                     **FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065          Case Status: _____          Determination Date: _____          Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

c. Job Offer Information 3

| 1.  Section/Item Number * | B.6 | 2.  Name of Section or Category of Material Term or Condition * | Job Requirements - *Minimum Job Qualifications/Requirements |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

Operating tools and equipment as applicable and noted in the job description as well as operating a motor vehicle under the influence of drugs is dangerous. Operator manuals have label warnings – Do Not Operate Under the Influence of Drugs. Work Comp Insurance as well as vehicle insurance companies require safety compliance. Poor judgment, improper driving, etc. can result in serious and fatal accidents. Employer has a strict policy prohibiting drug use. Any drug testing will be post hire and at the employer's expense. Assisting with the employers farming operation includes lifting agricultural tools and equipment that weigh up to the lifting requirement listed at B.4.e. Employer may request but cannot require workers to work on their Sabbath. The nature of farm work may require workers to work after dark and possibly weekends depending on weather conditions. Hours offered may vary based on factors such as weather or other unpredictable variables that impact the farm's operation. (as applicable and per the job description) Employer may pay workers more depending on how many years of experience they have obtained by working for the employer or other factors such as job performance, skill, punctuality

d. Job Offer Information 4

| 1.  Section/Item Number * | A.11 | 2.  Name of Section or Category of Material Term or Condition * | Pay Deductions - *Deductions |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

Reasonable repair cost of damage from deliberate or negligent destruction, other than that caused by normal wear and tear for damage to housing, furnishings, tools, or equipment, applicable Federal or State Taxes, and wage garnishments required by law may be deducted from the workers pay. Employer may make voluntary deductions at workers request for items not required to perform the job such as internet, tv, no interest cash advances, non work related medical expenses, etc. No deductions will be made which would bring the employee's hourly wage below the Federal Minimum Wage.

Page C.2 of C.5

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065      Case Status: _____      Determination Date: _____      Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

e. Job Offer Information 5

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Experience Requirement W/ Drivers License & Lifting R |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Three (3) months recent and verifiable experience required for the job duties listed. Must be able to obtain a drivers license within 30 days following hire and obtain clean driving record. Be able to lift up to 75 lbs. Once hired, worker may be required to take a random drug test at no cost to the worker.  Testing positive or failure to comply may result in immediate termination from employment.

f. Job Offer Information 6

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - *Daily Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

The employer shall provide transportation in the form of bus, farm vehicle, van, or other common means between the place where the employer has provided housing to the actual work site and return at the end of the work day. Such transportation will be without cost to the worker, and the means of transportation shall meet all applicable safety standards. Daily transportation is also available at no cost to workers who do not reside in employer provided housing and are unable to return to their primary residence at the end of each day.

Page C.3 of C.5

Form ETA-790A Addendum C

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065    Case Status: _____    Determination Date: _____    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

g. Job Offer Information 7

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - *Inbound/Outbound Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer provided transportation will be airplane, charter bus, employer operated vehicle, or other common means depending on the workers' country/State of origin. All common means of transportation will meet all applicable safety standards and will abide by 20 CFR 655.122(h)(1) & (2). If worker is terminated for cause or abandons employment prior to the completion of the contract, and the employer had already paid for the outbound transportation, the worker may be required to reimburse employer.

h. Job Offer Information 8

| 1. Section/Item Number * | G.1 | 2. Name of Section or Category of Material Term or Condition * | Referral and Hiring Instructions - *Referral Instructions |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Please contact  the employer point of contact listed on Form ETA-790 Section II. Box 4. at the phone number found at Section II. Box 12.

Potential U.S. workers (referrals) will be accepted from the local Job Service Office, through word-of-mouth, gate hires (walk-up workers), and other sources. All applicants should be thoroughly familiarized with the job specifications and terms and conditions of employment on the job order. Only workers meeting all qualifications of the job order should be referred by the Job Service Office.  In the event the employer receives phone calls or walk-up workers interested in the job offer, the employer must inform the worker of the job requirements and duties, must consider the worker for the job based on the workers qualifications, and must report the results in the final recruitment report submitted to the U.S. Department of Labor.

The best day/time to contact the employer is Monday-Friday 8:00 a.m. to 4:00 p.m.

Form ETA-790A Addendum C

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065          Case Status: _____          Determination Date: _____          Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

i. Job Offer Information 9

| 1.  Section/Item Number * | F.1 | 2.  Name of Section or Category of Material Term or Condition * | Daily Transportation - *Housing Details |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

Living & laundry facilities available. Housing will be clean and in compliance with OSHA Housing Standards at 29 CFR 1910.142 when occupied. Workers will be responsible for maintaining housing in a neat, clean manner.  Housing and utilities are provided at no cost to workers who are unable to return to their place of residence the same day.  Workers eligible for and offered employer-provided housing may choose not to occupy the employer provided housing. Workers eligible for employer provided housing may elect to obtain their own housing at worker's expense. Workers eligible for employer-provided housing who elect to decline the employer provided housing and instead obtain their own housing may withdraw such election at any time during the period of employment, and upon doing so will be provided housing by the employer as set forth in the Clearance Order or as amended and approved by DOL. The Company assumes no responsibility whatsoever for housing arranged by workers on their own. The employer will not provide a housing allowance or assistance to workers eligible for employer-provided housing who elect to obtain their own housing.

j. Job Offer Information 10

| 1.  Section/Item Number * | | 2.  Name of Section or Category of Material Term or Condition * | |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

Page C.5 of C.5

Form ETA-790A Addendum C

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21350-769065     Case Status: _____     Determination Date: _____     Validity Period: _____ to _____

# EXHIBIT B

*OMB Approval: 1205-0466*
*Expiration Date: 8/31/2022*

H-2A Application for Temporary Employment Certification
Form ETA-9142A
**U.S. Department of Labor**



---

***IMPORTANT***: *Employers and authorized preparers must read the general instructions carefully before completing the Forms ETA-9142A and ETA-790/790A. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. If you are not submitting these forms electronically, please complete ALL required fields/items containing an asterisk ( * ) and any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

## A.  Nature of H-2A Application

1. Type of Employer Application *(choose only one)* *

☑ Individual Employer          ☐ Joint Employer *(2 or more individual employers)*

☐ Association – Sole Employer      ☐ Association - Joint Employer          ☐ Association - Agent

| | |
|---|---|
| 2. Is the employer operating as an H-2A Labor Contractor (H-2ALC), as defined by 20 CFR 655.103(b)? * | ☑ Yes  ☐ No |
| 3. Nature of Temporary Need *(choose only one)* * | ☑ Seasonal<br>☐ Other Temporary Need |
| 4. Is a statement of temporary need attached to this application? * | ☐ Yes  ☑ No |
| 5. Is this application being filed with a request to waive the regulatory time period due to an emergency situation, as defined by 20 CFR 655.134? * | ☐ Yes  ☑ No |
| 6. Is a statement justifying the employer's emergency situation attached to this application? * | ☐ Yes  ☑ No  ☐ N/A |

## B.  Employer Information

1. Legal Business Name *  VH Harvesting

2. Trade Name/Doing Business As (DBA), if applicable §

3. Address 1 *  41940 West Chambers Court

4. Address 2 *(apartment/suite/floor and number)* §  33355 W Barnes Rd, Stanfield, AZ 85172

| 5. City *  Maricopa | 6. State *  Arizona | 7. Postal Code *  85138 |
|---|---|---|
| 8. Country *  United States Of America | 9. Province § | |
| 10. Telephone Number *  +1 (602) 540-0182 | 11. Extension § | |
| 12. Federal Employer Identification Number *(FEIN from IRS)* *  81-1912643 | 13. NAICS Code *  115113 | |

## C.  Employer Point of Contact Information

*The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section must be different from the agent or attorney information listed in Section D, unless the attorney is an employee of the employer.*

| 1. Contact's Last (family) Name *  Van Hofwegen | 2. First (given) Name *  Preston | 3. Middle Name(s) § |
|---|---|---|
| 4. Contact's Job Title *  Owner | | |
| 5. Address 1 *  41940 West Chambers Court | | |
| 6. Address 2 *(apartment/suite/floor and number)* §  33355 W Barnes Rd, Stanfield, AZ 85172 | | |
| 7. City *  Maricopa | 8. State *  Arizona | 9. Postal Code *  85138 |
| 10. Country *  United States Of America | 11. Province § | |
| 12. Telephone Number *  +1 (602) 540-0182 | 13. Extension § | 14. Business Email Address *  N/A |

---

**Form ETA-9142A**          **FOR DEPARTMENT OF LABOR USE ONLY**                    Page 1 of 3

H-2A Case Number:  H-300-21350-769065   Case Status: _____   Determination Date: _____   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Application for Temporary Employment Certification
Form ETA-9142A
**U.S. Department of Labor**



## D. Attorney or Agent Information (If applicable)

| 1. Indicate the type of representation for the employer in the filing of this application? * Complete the remainder of this section if "Attorney" or "Agent" is marked. | ☐ Attorney ☑ Agent ☐ None |
|---|---|

| 2. Attorney or Agent's Last (family) Name § | 3. First (given) Name § | 4. Middle Name(s) § |
|---|---|---|
| Martens | Kamron | |

5. Address 1 §   102 E Broadway

6. Address 2 *(apartment/suite/floor and number)* §

| 7. City §   Fairview | 8. State §  Oklahoma | 9. Postal Code §  73737 |
|---|---|---|

| 10. Country §   United States Of America | 11. Province § |
|---|---|

| 12. Telephone Number §  +1 (580) 227-4747 | 13. Extension § | 14. Law Firm/Business Email Address §  office@agri-placements.com |
|---|---|---|

| 15. Law Firm/Business Name §  AGRI PLACEMENTS INTERNATIONAL | 16. Law Firm/Business FEIN §  43-1977146 |
|---|---|

| **If "Attorney" is marked in question D.1, complete questions 17 to 19 below.** | |
|---|---|
| 17. State Bar Number(s) § | 18. State of highest court where attorney is in good standing § |
| 19. Name of the highest state court where attorney is in good standing § | |

| **If "Agent" is marked in question D.1, complete questions 20 and 21 below.** | |
|---|---|
| 20. Is a copy of the current agreement or other documentation demonstrating the agent's authority to represent the employer in this application attached? § | ☑ Yes ☐ No |
| 21. Is a copy of the agent's current Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Certificate of Registration identifying the farm labor contracting activities the agent is authorized to perform attached to this application? § | ☐ Yes ☐ No ☑ N/A |

## E. Job Opportunity & Supporting Documentation

| 1. SOC Occupational Code *   45-2091.00 | 2. SOC Occupation Title *  Agricultural Equipment Operators |
|---|---|

| 3. Is a copy of the completed job order (Form ETA-790/790A) satisfying the requirements at 20 CFR 653, subpart F, and 20 CFR 655.122 attached to this application? * | ☑ Yes ☐ No |
|---|---|
| 4. If "Joint Employer" or "Association – Joint Employer" is marked in question A.1, does the Form ETA-790A identify the name, address, total number of workers needed, and crops and agricultural work of each employer that will employ workers? § | ☐ Yes ☑ No |

| **For H-2A Labor Contractors ONLY** **If "Yes" is marked in question A.2, complete questions E.5 through E.9 below** | |
|---|---|
| 5. Does the Form ETA-790A identify the name(s) and location(s) of each fixed-site agricultural business the employer will be providing H-2A workers, the expected beginning and end dates, and a description of crops and activities the workers will perform? § | ☑ Yes ☐ No |
| 6. Is a copy of fully-executed work contract(s) with each fixed-site agricultural business identified on the Form ETA-790A attached to this application? § | ☑ Yes ☐ No |
| 7. Is a copy of the employer's current MSPA Certificate of Registration identifying the farm labor contracting activities the employer is authorized to perform attached to this application? § | ☐ Yes ☐ No ☑ N/A |
| 8. Is a surety bond meeting the requirements of 20 CFR 655.132(b)(3) attached to this application? § | ☑ Yes ☐ No |
| 9. Will any of the fixed-site agricultural businesses provide workers with housing and/or transportation between the worksite and the living quarters under this application? § | ☐ Yes ☑ No |



*OMB Approval: 1205-0466*
*Expiration Date:* 8/31/2022

H-2A Application for Temporary Employment Certification
Form ETA-9142A
**U.S. Department of Labor**

## F. Declaration of Employer and Attorney/Agent

*In accordance with Federal regulations, the employer(s) must attest to abide by certain terms, assurances, and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor.  Applications that fail to attach Appendix A will not be certified by the Department.*

| | |
|---|---|
| 1. Please confirm that you have read and agree to all the applicable terms, assurances, and obligations contained in **Appendix A** <u>and</u> have attached a signed and dated copy of Appendix A with this application. * | ☑ Yes  ☐ No |
| 2. Except for agricultural associations filing as a joint employer, please confirm that each employer filing <u>as a joint employer</u> on the job order (Form ETA-790/790A) has read and agree to all the applicable terms, assurances and obligations contained in **Appendix A** and has attached a <u>separate</u> signed and dated copy of Appendix A with this application. * | ☐ Yes  ☑ No  ☐ N/A |

## G. Preparer

*Complete this section if the preparer of this application is a person other than the one identified in either Section C (employer point of contact) or D (attorney or agent) of this application.*

| 1. Last (family) Name § | | 2. First (given) Name § | 3. Middle Initial § |
|---|---|---|---|
| 4. Law Firm/Business FEIN § | 5. Law Firm/Business Name § | | |
| 6. Business Email Address § | | | |

### Public Burden Statement *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Public reporting burden for this collection of information is estimated to average 3.66 hours per response for all H-2A information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing, reviewing, and submitting the collection of information.  The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.).  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Suite PPII 12-200, Washington, DC, 20210. (Paperwork Reduction Project OMB 1205-0531).  DO NOT send the completed application to this address.

---

**Form ETA-9142A**                                    **FOR DEPARTMENT OF LABOR USE ONLY**                                    Page 3 of 3

H-2A Case Number: H-300-21350-769065     Case Status: _____     Determination Date: _____     Validity Period: _____ to _____

# EXHIBIT C

OMB Approval: 1205-0466
Expiration Date: 08/31/2022

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



## For Use in Filing Applications under the H-2A Agricultural Program <u>ONLY</u>

### A. Attorney or Agent Declaration

*I hereby declare under penalty of perjury that I am an attorney for the employer, or that I am an employee of, or hired by, the employer listed in Section B of the Form ETA-9142A, and that I have been designated by that employer in accordance with 20 CFR 655.133 to act on its behalf in connection with this application, as evidenced by the attached agent agreement.*

*I HEREBY CERTIFY that I have provided to the employer the Form ETA-9142A, Form ETA-790/790A and all supporting documentation for review and to the best of my knowledge the information contained herein is true and accurate, including the employer's declaration regarding activities that I have undertaken on the employer's behalf in connection with this application.  I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001, 1546, 1621).*

| 1. Attorney or Agent's Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Martens | Kamron | |
| 4. Firm/Business Name * | | |
| Agri Placements International | | |
| 5. Signature * | | 6. Date Signed * |
| *Kamron Martens* | | 12-22-21 |

### B. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY my knowledge of and compliance with the following conditions of employment:*

1. The job opportunity is a full-time temporary position, the qualifications for which do not substantially deviate from the normal and accepted qualifications required by non-H-2A employers in the same or comparable occupations and crops.

2. The specific job opportunity for which the employer is requesting H-2A certification is not vacant because the former occupant(s) is (are) on strike or locked out in the course of a labor dispute.

3. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted and will continue to conduct the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants for the job opportunity for which certification is sought.  Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections as required by 20 CFR 655.167.

4. The job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR 655, Subpart B.

5. The employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the Adverse Effect Wage Rate (AEWR) in effect at the time the job order is placed, the prevailing hourly or piece rate, the agreed-upon collective bargaining rate (CBA), or the Federal or State minimum wage, and, furthermore, that if a new AEWR is published, or the employer is notified of a new prevailing wage rate during the contract period, and that new rate is higher than the wage determined by the National Processing Center (NPC) (except the CBA) during the application process the employer will increase the pay of all employees in the same job occupation to the higher rate.  For employers subject to the requirements at 20 CFR 655.200-235, the employer understands that it must offer, recruit at, and pay a wage that is at least the highest of the AEWR, the agreed-upon CBA, or the applicable minimum wage rate set by Federal or State law or judicial action, for each month, or portion thereof, during the job order period.

6. The employer has read, understands, and agrees to comply with each of the conditions of employment and assurances for H-2A Agricultural Clearance Orders listed in Section I of the Form ETA-790A and attached to this Form ETA-9142A.

7. There are insufficient U.S. workers available in the area(s) capable of performing the temporary services or labor in the job opportunity, and the employer will conduct positive recruitment as specified by the NPC and continue to cooperate with the SWA by accepting referrals of all eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until completion of 50% of the contract period calculated from the first date of need indicated in Section A.3 of Form ETA-790A.

8. All fees associated with processing this application will be paid in a timely manner (i.e., within 30 days after the date of the certification).

OMB Approval: 1205-0466
Expiration Date: 08/31/2022

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



9.   During the period of employment that is the subject of the labor certification application, the employer:

   (i)   Will comply with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws.

   (ii)   Will provide or secure housing at no cost to the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence within the same day. The housing provided or secured for workers complies with the applicable local, State, or Federal standards and guidelines for housing.

   (iii)   Where required, has timely requested a preoccupancy inspection of the housing and received certification.

   (iv)   Will provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer will provide, at no cost to the worker, insurance coverage with benefits at least equal to those provided under the State workers' compensation law for other comparable employment. 20 CFR 655.122(e).

   (v)   Will provide transportation in compliance with all applicable Federal, State or local laws and regulations between the worker's living quarters (i.e., housing provided by the employer under 20 CFR 655.122(d) and, if applicable, § 655.230) and the employer's worksite without cost to the worker.

   (vi)   Will provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f).

   (vii)   Will provide meals and potable water, without charge to the worker, if subject to the requirements at 20 CFR 655.200-235.

10.   The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the application and job order in the area of intended employment except for lawful, job related reasons within 60 days of the date of need, or if the employer has laid off such workers, it has offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) refused the job opportunity, was rejected for the job opportunity for lawful, job-related reasons, or was hired.

11.   The employer and its agents have not sought or received payment of any kind from the H-2A worker for any activity related to obtaining labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs. For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

12.   The employer has and will contractually forbid any foreign labor contractor or recruiter whom the employer engages in international recruitment of H-2A workers to seek or receive payments from prospective employees, except as provided for in the Department of Homeland Security (DHS) regulations.

13.   The employer has not and will not intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, and has not and will not cause any person to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, any person who has with just cause:

   (i)   Filed a complaint under or related to Sec. 218 of the INA (8 U.S.C. 1188), or any Department regulation promulgated under Sec. 218 of the INA;

   (ii)   Instituted or caused to be instituted any proceeding under or related to Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA;

   (iii)   Testified or is about to testify in any proceeding under or related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA;

   (iv)   Consulted with an employee of a legal assistance program or an attorney on matters related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA; or

   (v)   Exercised or asserted on behalf of himself/herself or others any right or protection afforded by Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA.

14.   The employer has not and will not discharge any person because of that person's taking any action listed in paragraph 13(i) through (v) listed above.

15.   The employer will inform H-2A workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under 20 CFR 655.135(i), unless the H-2A worker is being sponsored by another subsequent employer.

16.   The employer has posted the Notice of Workers' Rights as required by 20 CFR 655.135(l) in a conspicuous place frequented by all employees.

17.   If the application is being filed as an H-2A Labor Contractor the following additional attestations and obligations apply under 20 CFR 655.132:

   (i)   The H-2A Labor Contractor has provided a copy of the Migrant and Seasonal Agricultural Worker Protection Act (MSPA) Farm Labor Contractor certificate of registration if required under MSPA, 1801 U.S.C. et seq., to have such a certificate identifying the specific farm labor contracting activities it is authorized to perform;

   (ii)   The H-2A Labor Contractor has provided with this application a list of the names and locations of each fixed-site agricultural business to which the H-2A Labor Contractor expects to provide H-2A workers, the expected beginning and ending dates when the H-2A Labor Contractor will be providing the workers to each fixed site, and a description of the crops and activities the workers are expected to perform at such fixed site;

   (iii)   The H-2A Labor Contractor is able to provide proof of its ability to discharge financial obligations under the H-2A program and has secured a surety bond as required by 29 CFR 501.9, the original of which is attached and shows the name, address, phone number, and contact person for the surety, and provides the amount of the bond (as calculated pursuant to 29 CFR 501.9);

   (iv)   The H-2A Labor Contractor has engaged in and will engage in recruitment efforts in each area of intended employment in which it has listed a fixed-site agricultural business as required in 20 CFR 655.121, 655.150-155 and 655.215; and

OMB Approval: 1205-0466
Expiration Date: 08/31/2022

**H-2A Application for Temporary Employment Certification**
Form ETA-9142A – APPENDIX A
U.S. Department of Labor



(v) The H-2A Labor Contractor has obtained from each fixed-site agricultural business that will provide housing or transportation to the workers a written statement stating that:

    a. All housing used by workers and owned, operated, or secured by the fixed-site agricultural business complies with the applicable housing standards in 20 CFR 655.122(d) and, if applicable, 655.235; and

    b. All transportation between the worksite and the workers' living quarters that is provided by the fixed-site agricultural business complies with all applicable Federal, State, or local laws and regulations and will provide, at a minimum, the same vehicle safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR part 500, except where workers' compensation is used to cover such transportation as described in § 655.122(e); and

    c. Attach to the statement certificates of occupancy from the SWA for all employer owned housing and copies of all drivers' licenses, vehicle registration, and insurance policies for all drivers and vehicles used to transport H-2A workers.

**I hereby designate** the agent or attorney identified in Section D (if any) of the Form ETA-9142A and Section A above to represent me for the purpose of labor certification and, by virtue of my signature in Block 5 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney on every page of the Form ETA-9142A, Form ETA-790/790A and documentation supporting this application.

**I declare** under penalty of perjury that I have read and reviewed this application, including every page of the Form ETA-9142A, Form ETA-790/790A, and supporting documentation, and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly and/or willfully furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both (18 U.S.C. 2, 1001, 1546, 1621).*

| 1. Last (family) Name * | 2. First (given) Name * | 3. Middle Initial § |
|---|---|---|
| Van Hofwegen | Preston | C |
| 4. Title * | | |
| Owner | | |
| 5. Signature * | | 6. Date Signed * |
| *Preston Van Hofwegen* | | 10/19/2021 |

**Public Burden Statement (1205-0466)**

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 3.66 hours per response for all H-2A information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing, reviewing, and submitting the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Suite PPII 12-200, Washington, DC, 20210. (Paperwork Reduction Project OMB 1205-0466). DO NOT send the completed application to this address.

# EXHIBIT D

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Application for Temporary Employment Certification
Form ETA-9142A – Final Determination: H-2A Temporary Labor Certification Approval
**U.S. Department of Labor**



## APPROVAL OF H-2A TEMPORARY LABOR CERTIFICATION

Pursuant to the provisions of Sections 101(a)(15)(h)(ii)(a), 214(c), and 218 of the Immigration and Nationality Act, as amended, 8 U.S.C. §§ 1101(a)(15)(h)(ii)(a), 1184(c), and 1188, the Department hereby certifies that there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed to fill the job opportunities for which certification is sought, and the employment of the H-2A temporary worker(s) in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

Therefore, by virtue of the signature below, the Department hereby acknowledges granting certification for the following *H-2A Application for Temporary Employment Certification* (Form ETA-9142A and Form ETA-790/790A):

| 1.  DOL Case Number | 2.  Case Status | 3.  Determination Date |
|---|---|---|
| H-300-21350-769065 | Full Certification | 01/24/2022 |
| 4.  Employer Legal Business Name(s)/FEIN(s) <br> Vh Harvesting 81-1912643 | | |
| 5.  Job Title <br> Custom Harvester | | |
| 6.  SOC Code <br> 45-2091.00 | 7.  SOC Occupation Title <br> Agricultural Equipment Operators | |
| 8.  Worker Positions Certified <br> 49 | 9.  Employment Begin Date <br> 3/1/2022 | 10.  Employment End Date <br> 12/1/2022 |
| 11.  Department of Labor <br> Office of Foreign Labor Certification <br> *(electronic signature)* | *Certifying Officer* | |

Pursuant to 20 CFR 655, subpart B, the aforementioned temporary labor certification is valid only for the period of employment, number of H-2A positions, the area of intended employment, the job classification and specific services or labor to be performed, and the employer(s) specified on these approved Forms ETA-9142A and ETA-790/790A, including any approved modifications.

Each employer covered by this approved *H-2A Application for Temporary Employment Certification* has declared under penalty of perjury that it has read and reviewed every page of these approved Forms ETA-9142A and ETA-790/790A, including all appendices and addendums, and takes full responsibility for the accuracy of all information contained therein and all documentation supporting this approved *H-2A Application for Temporary Employment Certification*, including any representations made by the employer's authorized agent or attorney as applicable. Each employer covered by this approved *H-2A Application for Temporary Employment Certification* has attested that it has read, understands, and will abide by all terms, assurances, and obligations as a condition for receiving this approved *H-2A Application for Temporary Employment Certification* from the Department.

The employer(s) will provide a copy of the work contract, which may be the approved Forms ETA-9142A and ETA-790/790A, in a language understood by the worker to each worker in accordance with the timing requirements of 20 CFR 655.122(q), including any approved modifications. This approved *H-2A Application for Temporary Employment Certification* expires on the last day of authorized employment, including any approved extensions, and may not be transferred from one employer to another unless the employer to which it is transferred is a successor in interest to the employer to which it was issued.

**FOR DEPARTMENT OF LABOR USE ONLY**