**MESSNER REEVES, LLP**
7250 North 16th Street, Suite 410
Phoenix, Arizona 85020
Telephone (602) 635-4002

Julie A. Pace, SBN 014585
jpace@messner.com
David A. Selden, SBN 007499
dselden@messner.com
Heidi Nunn-Gilman, SBN 023971
hgilman@messner.com
*Attorneys for Defendant T & K Feeds, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>VH Harvesting, an Arizona limited liability company; T & K Feeds, Inc., an Arizona corporation; Preston Van Hofwegen, an individual,<br><br>Defendants. | Case No. 2:22-cv-01805-DJH<br><br>**DEFENDANT T & K FEEDS, INC.'S RESPONSE TO SECRETARY'S APPLICATION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

    Pursuant to the Court's Order Dated October 20, 2022 (Doc. #6) Defendant T & K Feeds, Inc., ("T&K" or T&K Feeds") by and through its attorneys, responds to the *Secretary's Application and Memorandum for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction* ("Application") (Doc. #2) as follows.

    Because T&K Feeds did not take the actions identified in the Application and there is no risk of immediate harm to the workers being used by T&K, T&K Feeds respectfully requests that the Court deny the Secretary's Application as it relates to T&K.

    T&K also did not have knowledge of the Secretary's concerns or complaints until Thursday, October 19, 2022, after 5:00 pm.

{06833578 / 2}

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **BACKGROUND ON T&K FEEDS AND USE OF H-2A WORKERS**

T&K Feeds is a dairy and feed company located in Pinal County, Arizona. It is committed to compliance with applicable laws, including those relating to H-2A workers.

It leases H-2A workers from Defendant VH Harvesting, LLC to perform commodity harvesting activities and transport commodities (largely corn) to the dairies where it is used as feed for the dairy cows. VH Harvesting has additional H-2A workers that it uses for its own work. T&K Feeds and VH Harvesting are not related in any manner. T&K has no authority or control over workers when they are working for VH Harvesting.

T&K has had approximately 6 H-2A workers starting in approximately April 27, 2022. The leased workers remain employees of VH Harvesting and are paid by VH Harvesting. T&K pays VH Harvesting a fee per employee, per day. T&K generally pays VH Harvesting for a full day even when the worker works less than a full day.

When workers provide services for T&K Feeds, T&K Feeds provides housing to the workers by renting homes in Maricopa, Arizona. It does not charge the workers for the rental housing, and the rental housing meets the local standards. Workers are provided safe housing, which includes access to facilities to prepare food and meals. T&K provides farm vehicles to the workers to travel from the rented housing to the job site.

A.  **The Equipment that T&K Provides is Not Unsafe or Inoperable.**

The trucks that T&K provides to its workers are not unsafe or inoperable. The Company maintains its equipment in safe and working order. It is T&K's understanding that the allegations in the Application relating to unsafe vehicles relates to VH Harvesting. T&K has never had any of its H2-A workers driving or operating in Texas and does not have facilities in Texas.

T&K's trucks are relatively new. They undergo an annual DOT inspection. T&K conducts routine safety inspections and makes immediate repairs or corrections. It has not required any workers, H-2A or otherwise, to operate in unsafe operating conditions. Every truck has operable air-conditioning. If there are any issues with the truck, there are

alternative trucks that can be used while the original truck is being repaired.

The Company has had three DOT inspections on the highway and not one time was there an issue or anyone put out of service.

### B. T&K Feeds Provides H-2A Workers with Rental Housing Meeting Required Standards, which included Kitchen and Cooking Facilities.

The Secretary's Application alleges that workers were housed in unsafe and unhealthy conditions, including sleeping in semi-trucks without AC and sharing beds with other workers in a cabin that was leaking rain. These allegations again relate to VH Harvesting.

T&K provides the H-2A workers that it leased from VH Harvesting with rental housing in Maricopa, Arizona. Employees were not required to sleep in the cabs of semi-trucks and were not required to share beds.

The rental housing is a four-bedroom house with 8 beds. It is fully furnished, including appropriate cooking facilities, a full kitchen and cooking equipment.

Further, T&K has not required persons to drive overnight or sleep in their trucks. And every truck has operable air conditioning.

### C. T&K Feeds has Never Taken Adverse Action or Retaliated Against an H-2A Workforce.

The allegations of retaliation relate to Preston Van Hofwegen and VH Harvesting. T&K has never and would never threaten to call law enforcement or immigration officials and would not abandon workers to return to Mexico. The Company encourages employees to raise concerns and addresses concerns that are raised. It would not and did not retaliate against any workers for raising concerns. When a concern was raised about hours, T&K took the appropriate actions and took steps to ensure that the workers were working less than twelve hours per day. The route that they are on right now, from Wilcox Arizona to Maricopa, is approximately 7-8 hours per day.

{06833578 / 2}                                             3

### D. T&K Feeds Does Not Direct or Control Workers While they Provide Services to VH Harvesting

The Secretary's Application alleges that T&K controls VH Harvesting. This is a misrepresentation of the relationship. The Application also states that employees 2-4 provide services for T&K, but they were not providing services for T&K during the time periods or for the complaints that are listed in this Application. During the time period that workers are performing services for VH Harvesting, T&K Feeds has no control over the workers. T&K Feeds also has no control over the actions of VH Harvesting or of Preston Van Hofwegen. T&K also did not recruit employees in Mexico. That was done by VH Harvesting before T&K leased the employees.

T&K Feeds exercises control over only a small number of workers and only during the time periods that they provide services for T&K Feeds. They do not control the workers.

## LEGAL STANDARDS

Preliminary injunctive relief is disfavored and "represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it." *Dymo Indus. V. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The general rule is that the movant must demonstrate that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in Plaitinff's favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

When a federal statute authorizes a party to seek injunctive relief, Plaintiff must only demonstrate the requirements of the statute its claims rest upon are satisfied. *See Atchison, T. and S.F. Ry. Co. v. Lennen*, 640 F.2d 255, 260 (10th Cir. 1981). 8 U.S.C. § 1188(g)(2) allows for the Secretary to seek injunctive relief for contractual obligations, if injunctive relief is appropriate. 8 U.S.C. § 1188(g)(2). Therefore, Plaintiff must demonstrate to the Court that injunctive relief is appropriate and must prove all requirements of the statute it's claims rely upon for injunctive relief to be proper. *Id*; *Atchison*, 640 F.2d at 260.

{06833578 / 2}    4

## II. LEGAL ARGUMENT

The standards for TRO and preliminary injunction are met in this instance. The Secretary's Application is based on the actions of VH Harvesting. The Secretary has not shown a likelihood of success against T&K. The bare and inaccurate allegations that T&K Feeds controls VH Harvesting workers is insufficient to justify a TRO against T&K Feeds. The Secretary has provided no evidence that the actions that place the workers at risk are taken by T&K Feeds. In fact, T&K provides safe housing, transportation, and trucking. No employee has complained to T&K about the trucks or the housing or any safety issues.

There is no risk of irreparable harm to the workers providing services to T&K. The workers who are providing services for T&K have not been shown to be at risk. They have safe housing and transportation and they are not working more than 10-12 hours per day, and usually closer to 8 hours per day. When there was a concern about working 12-14 hours, T&K Feeds corrected it. No injunction is necessary because the item has already been addressed.

The balance of equities does not favor the Secretary in relation to T&K. T&K is not working employees 12-14 hours per day. When they learned that this was a concern, they took steps to make sure that the employees worked less than 12 hours, and they are currently working approximately 7-8 hours. They not requiring workers to drive unsafe trucks and are providing safe, fully furnished rental housing. There is no egregious conduct by T&K that favors granting an injunction against T&K.

Further, injunctive relief against T&K does not serve the public interest for the same reasons that none of the other standards are met – T&K is simply not a bad actor and not engaging in the activities that are stated above.

## CONCLUSION

Because T&K Feeds did not engage in the actions that the Secretary is seeking to enjoin and does not control VH Harvesting, the Secretary has not met the burden for a TRO or injunction and the T&K Feeds respectfully requests that the Court deny the Secretary's Application.

DATED this 21st day of October, 2022.

**MESSNER REEVES, LLP**

By: *s/ David A. Selden*
Julie A. Pace
David A. Selden
Heidi Nunn-Gilman
*Attorneys for Defendant T & K Feeds, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system. I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

*/s Lauri Andrisani*