1

2

3

4

5

6

7

8

9

10

11

12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J. Walsh,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                          Plaintiff,<br>    v.<br><br>VH Harvesting, an Arizona LLC; T & K<br>Feeds, Inc., an Arizona corporation; Preston<br>Van Hofwegen, an individual.<br><br>                       Defendants. | Case No. 2:22-cv-01805-PHX-DJH<br><br>**Consent Judgment as to Defendants<br>VH Harvesting, LLC and Preston Van<br>Hofwegen** |

20

21

22

23

24

25

26

27

28

1  Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor
2  (the "Secretary"), and Defendants VH Harvesting, an Arizona LLC; Preston Van
3  Hofwegen, an individual, ("VH Defendants" or Defendants); have agreed to resolve the
4  matters in controversy in this civil action and consent to the entry of this Consent
5  Judgment as follows:

6  **I.    STATEMENT BY THE PARTIES**

7        A.    The Secretary filed a complaint alleging Defendants violated the H-2A
8  Program under Section 218 of the Immigration and Nationality Act ("INA")[1] as amended
9  by the Immigration and Reform Control Act of 1986 ("IRCA") and their Regulations at
10  20 C.F.R. Part 655 and 29 C.F.R. Part 501 ("H-2A Implementing Regulations") (hereafter,
11  "Complaint"). Defendants have appeared in this action.

12        B.    Defendants have retained counsel and filed an answer.

13        C.    Defendants agree that the Court has jurisdiction over the parties and the
14  subject matter of this civil action, and that venue lies in the United States District Court
15  of Arizona.

16        D.    On October 20, 2022, Plaintiff applied for a Temporary Restraining Order
17  ("TRO") and Preliminary Injunction seeking to enjoin Defendants VH Harvesting, T & K
18  Feeds, Inc., and Preston Van Hofwegen from violating their obligations under the H-2A
19  program.

20        E.    On October 25, 2022, the Secretary and T & K stipulated to the entry of a
21  preliminary injunction against T & K (Doc. 14), which the Court granted (Doc. 17).

22        F.    On October 27, 2022, the Court granted the Secretary's Application for a
23  TRO against VH Defendants (Doc. 18) and enjoined the VH Defendants from violating
24  the H-2A regulations.

25        G.    Defendants agree to resolve all allegations against them in the Complaint.

26        H.    Defendants agree to the entry of this Consent Judgment without contest.

27  _____

28  [1]    All references made herein to the INA will be to its Section 218, 8 U.S.C. § 1188.

1    I.    Defendants acknowledge that they and any individual, agent, or entity acting
2    on their behalf or at their direction have been given, and in the future will be given notice
3    of and an understanding of the provisions of this Consent Judgment.

4    J.    Defendants violated their obligations under 20 C.F.R. § 655.122 in that
5    Defendants required the workers to perform work that was not authorized in the clearance
6    order that VH Harvesting, Inc. and Preston Van Hofwegen filed with the U.S. Department
7    of Labor.

8    K.    VH Defendants violated their obligation under 20 C.F.R. § 655.122(h)(4)
9    and 20 C.F.R. § 655.135(e) to provide the workers with safe employer-provided
10   transportation.

11   L.    VH Defendants violated their obligation under 8 U.S.C. § 1188(c)(4) and 20
12   C.F.R. § 655.122(d) to provide the workers with appropriate housing at no cost to the
13   workers.

14   M.    VH Defendants violated their obligation under 20 C.F.R § 655.122(g) to
15   provide the workers with three meals per day or access to kitchen facilities for a portion
16   of the employment period.

17   N.    Defendants violated their obligation under 20 C.F.R § 655.122(l) to pay the
18   workers the adverse effect wage rate. Defendants have paid workers rates between $100-
19   $150/day for some workdays lasting 14-16 hours, resulting in an hourly rate below that
20   required under the H-2A program.

21   O.    VH Defendants violated their obligation under 20 C.F.R § 501.4 to not
22   "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate
23   against any person who has" sought protections under the H-2A program.

24   P.    Collectively, the violations above affected over 17 workers.

25   Q.    In consideration of this Consent Judgment and to resolve this case, and in
26   restitution and remediation, Defendants VH Harvesting, LLC and Preston Van Hofwegen
27   agree to pay $281,683.08, which is comprised of $181,683.08 in back wages and damages,
28   and $100,000 in civil money penalties.

1    R.    VH Defendants agree that any successors-in-interest to VH Harvesting,
2 LLC will be given a copy of this Consent Judgment

3    S.    The parties agree that each party shall bear all fees, costs, and other expenses
4 incurred by such party in connection with any stage of this proceeding, including, but not
5 limited to, any costs referenced in the Equal Access to Justice Act.

6    T.    Defendants VH Harvesting, LLC and Preston Van Hofwegen, and any VH
7 Harvesting, successors (i.e., any entity acquiring at least 20% of its assets) or any
8 individual, agent, or entity acting on its behalf or at its direction agree to be debarred under
9 29 C.F.R. § 501.20 from receiving future labor certifications for three years starting 30
10 days from the date the notice of debarment is used by the Wage and Hour Division.
11 Defendants, their successors or any individual, agent, or entity acting on their behalf or at
12 their direction agree and acknowledge in this Consent Judgment and that they are
13 voluntarily and knowingly waiving any right that they may have to request review or
14 otherwise contest this three-year debarment and the implementation thereof. Defendants
15 will not request review of or otherwise contest any debarment notice issued by the Wage
16 and Hour Division and will allow it to become a final order.

17    U.    Defendants VH Harvesting, LLC and Preston Van Hofwegen agree that
18 they, their successors or any individual, agent, or entity acting on their behalf or at their
19 direction agree to be prohibited from applying for any future H-2A labor certifications
20 under 20 C.F.R. Part 655, Sub-Part B or contesting any denial of future H-2A applications
21 under 20 C.F.R. Part 655, Sub-Part B for three years from the date of this consent
22 judgment.

23    V.    Defendants VH Harvesting, LLC and Preston Van Hofwegen, and any VH
24 Harvesting, successors (i.e., any entity acquiring at least 20% of its assets) or any
25 individual, agent, or entity acting on its behalf or at its direction agree to be debarred under
26 29 C.F.R. § 655.73 from receiving future labor certifications for three years starting 30
27 days from the date the notice of debarment is used by the Wage and Hour Division.
28 Defendants, their successors or any individual, agent, or entity acting on their behalf or at

1  their direction agree and acknowledge in this Consent Judgment and that they are
2  voluntarily and knowingly waiving any right that they may have to request review or
3  otherwise contest this three-year debarment and the implementation thereof. Defendants
4  will not request review of or otherwise contest any debarment notice issued by the Wage
5  and Hour Division and will allow it to become a final order.

6        W.    Defendants VH Harvesting, LLC and Preston Van Hofwegen agree that
7  they, their successors or any individual, agent, or entity acting on their behalf or at their
8  direction shall be prohibited from applying for any future H-2 B labor certifications under
9  20 C.F.R. Part 655, Sub-Part B or contesting any denial of future H-2B applications under
10 20 C.F.R. Part 655, Sub-Part B for three years from the date of this consent judgment.

11 **II.    PERMANENT INJUNCTION**

12       Therefore, upon motion of the attorneys for the Secretary, and for cause shown,
13 **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 8 U.S.C.
14 § 1188(g)(2) and 29 C.F.R. §§ 501.16(b) & (c) that Defendants and their officers, agents,
15 servants, employees, successors and all persons in active concert or participation with
16 them are permanently enjoined and restrained from violating any provisions of the INA
17 and the H-2A Implementing Regulations, with special emphasis in the manners identified
18 below:

19       1.    Defendants shall not, contrary to 20 C.F.R. § 655.122, require
20       workers to perform work that was not authorized in a U.S. Department of Labor
21       clearance order.

22       2.    Defendants shall not, contrary to 20 C.F.R. § 655.122(h)(4) and 20
23       C.F.R. § 655.135(e), fail to provide transportation that complies with all applicable
24       federal, state or local laws and regulations.

25       3.    Defendants shall not, contrary to 8 U.S.C. § 1188(c)(4) and 20 C.F.R.
26       § 655.122(d), fail to provide housing that meets the applicable health and safety
27       standards at no cost to H-2A workers.

28       4.    Defendants shall not, contrary to 20 C.F.R. § 655.122(g), fail to

provide all H-2A workers with either meals or kitchen facilities.

     5.    Defendants shall not, contrary to 20 C.F.R § 655.122(l), fail to pay the workers at least the adverse effect wage rate, the prevailing hourly wage rate, the prevailing piece rate, the agreed-upon collective bargaining rate, or the Federal or State minimum wage rate, in effect at the time work is performed, whichever is highest, for every hour or portion thereof worked during a pay period.

     6.    Defendants shall not, contrary to 20 C.F.R § 501.4, "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any person who has" sought protections under the H-2A program.

## III.   **JUDGMENT AND ORDER**

**IT IS FURTHER ORDERED AND ADJUDGED** that:

    **JUDGMENT IS HEREBY ENTERED,** in favor of the Secretary against Defendants VH Harvesting, LLC and Preston Van Hofwegen in the amount of $281,683.08, which is comprised of $181,683.08 in back wages and damages, and $100,000 in civil money penalties; and

     1.    VH Defendants shall satisfy the monetary terms of this judgment upon their payment of $259,271.08 to the Secretary, which represents the total sum of the back wages and civil money penalties assessed and finally determined or ordered by the Secretary for this matter pursuant to authority granted in 29 C.F.R. § 501.16(a)(1);

     a.    Defendants shall make all back wage payments required in this Consent Judgment as follows:

      i. On or before November 18, 2022, for workers number 1-8 on the attached Exhibit A, by preparing a check or wire transfer in the amount indicated next to the workers name payable to the worker and the Department of Labor as the alternative payee. To fund these payments, Defendants will receive $22,411.08 from T & K Feeds, Inc. for back wages it owes worker numbers 1-9.

1           ii. On or before November 18, 2022, make payments as indicated in

2   column "VH Payments 11/18/2022" on Exhibit A.

3           iii. On or before December 19, 2022, make payments in the

4   amounts indicated in column "VH Additional Payments Due by

5   12/19.2022" on attached Exhibit A. , VH shall make payments to the

6   workers via check or wire transfer, as instructed by the Secretary, or if

7   these methods are deemed not feasible by the Secretary by depositing the

8   funds with the Department of Labor, Wage and Hour Division online by

9   ACH transfer, credit card, debit card, or digital wallet by going to

10   https://www.pay.gov/public/form/start/77761888, or by going to

11   www.pay.gov and searching "WHD Back Wage Payment - WE Region".

12   All payments shall reference BW Case Number # 1972630.

13       b.     All payments of Civil Money Penalties shall be made by using the

14   "WHD Civil Money Penalty Payment Form – Western Region" at

15   https://www.pay.gov/public/form/start/77743734. The payment shall reference

16   Case Number 1972630. VH Defendants shall make CMP payments as follows:

17   March 1, 2023 - $25,000, June 1, 2023 -$25,000, September 1, 2023 - $25,000,

18   December 1, 2023 - $25,000.

19       2.     Any successors-in-interest to VH Harvesting, LLC shall be given a

20   copy of this Consent Judgment.

21       3.     Defendants VH Harvesting, LLC and Preston Van Hofwegen, and

22   any VH Harvesting, successors (i.e., any entity acquiring at least 20% of its

23   assets) or any individual, agent, or entity acting on its behalf or at its direction

24   shall be debarred under 29 C.F.R. § 501.20 from receiving future labor

25   certifications for three years starting 30 days from the date the notice of

26   debarment is used by the Wage and Hour Division.  Defendants, their successors

27   or any individual, agent, or entity acting on their behalf or at their direction agree

28   and acknowledge in this Consent Judgment and that they are voluntarily and

1    knowingly waiving any right that they may have to request review or otherwise

2    contest this three-year debarment and the implementation thereof.  Defendants

3    will not request review of or otherwise contest any debarment notice issued by

4    the Wage and Hour Division and will allow it to become a final order.

5         4.    Defendants VH Harvesting, LLC and Preston Van Hofwegen or

6    their successors or any individual, agent, or entity acting on their behalf or at their

7    direction shall be prohibited from applying for any future H-2A labor

8    certifications under 20 C.F.R. Part 655, Sub-Part B or contesting any denial of

9    future H-2A applications under 20 C.F.R. Part 655, Sub-Part B for three years

10   from the date of this consent judgment.

11        5.    Defendants VH Harvesting, LLC and Preston Van Hofwegen, and

12   any VH Harvesting, successors (i.e., any entity acquiring at least 20% of its

13   assets) or any individual, agent, or entity acting on its behalf or at its direction

14   shall be debarred under 29 C.F.R. § 655.73 from receiving future labor

15   certifications for three years starting 30 days from the date the notice of

16   debarment issued by the Wage and Hour Division.  Defendants, their successors

17   or any individual, agent, or entity acting on their behalf or at their direction agree

18   and acknowledge in this Consent Judgment and that they are voluntarily and

19   knowingly waiving any right that they may have to request review or otherwise

20   contest this three-year debarment and the implementation thereof. Defendants

21   will not request review of or otherwise contest any debarment notice issued by

22   the Wage and Hour Division and will allow it to become a final order.

23        6.    Defendants VH Harvesting, LLC and Preston Van Hofwegen, their

24   successors or any individual, agent, or entity acting on their behalf or at their

25   direction shall be prohibited from applying for any future H-2 B labor

26   certifications under 20 C.F.R. Part 655, Sub-Part B or contesting any denial of

27   future H-2B applications under 20 C.F.R. Part 655, Sub-Part B for three years

28   from the date of this consent judgment.

1          7.     Each party shall bear all fees, costs, and other expenses incurred by

2    such party in connection with any stage of this proceeding, including, but not

3    limited to, any costs referenced in the Equal Access to Justice Act; and

4          8.     This Court shall retain jurisdiction of this action for purposes of

5    enforcing compliance with the terms of this Consent Judgment.

6

7

8    IT IS SO ORDERED.

9

10   Dated:

11

12

13

14

15                              HONORABLE DIANE J. HUMETEWA

16                              UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

For the Plaintiff:

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

VICTORIA YEE
Trial Attorney


s/ Charles Song
CHARLES SONG                                    DATE: 11/18/2022
Senior Trial Attorney

*Attorneys for Plaintiff*
*Secretary of Labor*

For Defendants:

The Defendants consent to the entry of this Judgment and waive notice by the Clerk of the Court.


VH Harvesting, LLC:                                    DATE: 11/18/2022
By: Preston Van Hofwegen
Title: Owner


Preston Van Hofwegen, Individually                    DATE: 11/18/2022


Rebecca Hause-Schultz, Esq.                           DATE: 11/18/2022
Lori Aysegul Guner, Esq.
Fisher & Phillips LLP
*Attorneys for VH Harvesting, LLC*
*& Preston Van Hofwegen*

**Exhibit A**

| # | First Name | Last Name | Start Period | End Period | Back Wages VH | Back Wages T & K | Total Back Wages Due VH and T & K | T & K Payments 11/18/2022 | VH Payments 11/18/2022 | Total Payments 11/18/2022 | VH Additional Payments Due by 12/19/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Jose Alfredo | Vargas Magana | 3/4/2022 | 12/1/2022 | $5,256.00 | $4,694.93 | $9,950.93 | $4,694.93 | | $4,694.93 | $5,256.00 |
| 2 | Gerardo Jacob | Zepeda Zepeda | 3/4/2022 | 12/1/2022 | $9,722.24 | $4,634.35 | $14,356.59 | $4,634.35 | | $4,634.35 | $9,722.24 |
| 3 | Jose Domingo | Ponce Topete | 3/4/2022 | 12/1/2022 | $18,572.08 | $405.90 | $18,977.98 | $405.90 | $ 2,765.11 | $3,171.01 | $15,806.97 |
| 4 | Juan Manuel | Padilla Olivera | 3/4/2022 | 12/1/2022 | $15,429.84 | $1,613.89 | $17,043.73 | $1,613.89 | $ 1,557.11 | $3,171.00 | $13,872.73 |
| 5 | Juan Diego | Ramirez Penaloz | 3/4/2022 | 12/1/2022 | $16,404.59 | $327.12 | $16,731.71 | $327.12 | $ 2,843.88 | $3,171.00 | $13,560.71 |
| 6 | Juan Uvaldo | Lopez Landin | 3/4/2022 | 12/1/2022 | $21,091.64 | $337.12 | $21,428.76 | $337.12 | $ 2,833.88 | $3,171.00 | $18,257.76 |
| 7 | Miguel Gerardo | Cortes Fregozo | 3/4/2022 | 12/1/2022 | $6,843.08 | $3,991.33 | $10,834.41 | $3,991.33 | $ 6,843.08 | $10,834.41 | $0.00 |
| 8 | Antonio | Irai Chavez Galve | 3/4/2022 | 12/1/2022 | $9,918.16 | $4,159.29 | $14,077.45 | $4,159.29 | | $4,159.29 | $9,918.16 |
| 9 | Alan Arturo | Bueno Cardenas | 3/4/2022 | 8/14/2022 | $5,658.64 | $2,247.15 | $7,905.79 | $2,247.15 to VH | | | $7,905.79 |
| 10 | Armando | Barriga Gonzalez | 6/1/2022 | 8/4/2022 | $3,374.82 | | $3,374.82 | | | | $3,374.82 |
| 11 | Carlos | Salas Remis | 3/4/2022 | 5/18/2022 | $3,038.96 | | $3,038.96 | | | | $3,038.96 |
| 12 | Dora | Galvez Alcaraz | 3/4/2022 | 10/16/2022 | $7,681.20 | | $7,681.20 | | | | $7,681.20 |
| 13 | Jairo Ivan | Barriga Rivera | 6/1/2022 | 8/4/2022 | $4,129.74 | | $4,129.74 | | | | $4,129.74 |
| 14 | Jesus | Ronquillo Salas | 3/4/2022 | 5/18/2022 | $4,282.91 | | $4,282.91 | | | | $4,282.91 |
| 15 | Jose Trinidad | Velasco Villa | 3/4/2022 | 12/1/2022 | $20,226.47 | | $20,226.47 | | | | $20,226.47 |
| 16 | Mario | Alvarado Navarr | 3/4/2022 | 4/16/2022 | $3,820.32 | | $3,820.32 | | | | $3,820.32 |
| 17 | Williams | Contreras Lopez | 3/4/2022 | 4/16/2022 | $3,820.32 | | $3,820.32 | | | | $3,820.32 |
| | TOTAL | | | | $159,271.01 | $22,411.08 | $181,682.09 | $22,411.08 | $16,843.06 | $37,006.99 | $144,675.10 |