**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J Walsh, | No. CV-22-01805-PHX-DJH |
| Plaintiff, | **CONSENT JUDGMENT** |
| v. | |
| VH Harvesting LLC, et al., | |
| Defendants. | |

Pending before the Court is the Stipulation Regarding Consent Judgment filed jointly by Plaintiff Martin J. Walsh, United States Secretary for the Department of Labor ("Secretary of Labor") and Defendants VH Harvesting, an Arizona LLC, and Preston Van Hofwegen, an individual (collectively the "VH Defendants") (Doc. 26). The Secretary of Labor and VH Defendants agree to the entry of this Order to resolve all matters in dispute in this action between them.

Accordingly,

**IT IS ORDERED** that the Court grants the parties' Stipulation Regarding Consent Judgment (Doc. 26) and adopts their stipulated settlement terms. (Doc. 26-1).

**IT IS FURTHER ORDERED** as follows:

//
//
//
//

# FINDINGS

1. VH Defendants agree that the Court has jurisdiction over the parties and the subject matter of this civil action, and that venue lies in the United States District Court of Arizona.

2. The Secretary of Labor filed a Complaint (Doc. 1) alleging VH Defendants and Defendant T & K Feeds, Inc. (collectively "Defendants") violated the H-2A Program under Section 218 of the Immigration and Nationality Act ("INA") as amended by the Immigration and Reform Control Act of 1986 ("IRCA") and their Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 ("H-2A Implementing Regulations"). VH Defendants have appeared in this action.

3. VH Defendants have retained counsel and filed an answer. (Doc. 21).

4. On October 20, 2022, the Secretary of Labor applied for a Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 2) seeking to enjoin Defendants from violating its obligations under the H-2A program.

5. On October 25, 2022, the Secretary of Labor and Defendant T & K Feeds, Inc., stipulated to the entry of a preliminary injunction against Defendant T & K Feeds, Inc., (Doc. 14), which the Court granted (Doc. 17).

6. On October 27, 2022, the Court granted the Secretary of Labor's Application for a TRO against VH Defendants (Doc. 18) and enjoined the VH Defendants from violating the H-2A regulations.

7. VH Defendants violated the following obligations:
    a. VH Defendants violated their obligations under 20 C.F.R. § 655.122 in that Defendants required the workers to perform work that was not authorized in the clearance order that VH Defendants filed with the United States Department of Labor.
    b. VH Defendants violated their obligation under 20 C.F.R. § 655.122(h)(4) and 20 C.F.R. § 655.135(e) to provide the workers with safe employer-provided transportation.
    c. VH Defendants violated their obligation under 8 U.S.C. § 1188(c)(4) and 20

        C.F.R. § 655.122(d) to provide the workers with appropriate housing at no cost to the workers.

    d.    VH Defendants violated their obligation under 20 C.F.R § 655.122(g) to provide the workers with three meals per day or access to kitchen facilities for a portion of the employment period.

    e.    VH Defendants violated their obligation under 20 C.F.R § 655.122(l) to pay the workers the adverse effect wage rate. Defendants have paid workers rates between $100-$150/day for some workdays lasting 14-16 hours, resulting in an hourly rate below that required under the H-2A program.

    f.    VH Defendants violated their obligation under 20 C.F.R § 501.4 to not "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any person who has" sought protections under the H-2A program.

    g.    Collectively, the violations above by VH Defendants affected over 17 workers.

8. VH Defendants agree to resolve all allegations against them in the Complaint.

9. VH Defendants agree to the entry of this Consent Judgment without contest.

10. VH Defendants acknowledge that they and any individual, agent, or entity acting on their behalf or at their direction have been given, and in the future will be given notice of and an understanding of the provisions of this Consent Judgment.

11. VH Defendants agree that any successors-in-interest to VH Harvesting, LLC will be given a copy of this Consent Judgment

## ORDER

### I.    PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. §§ 501.16(b) & (c), VH Defendants and their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently

enjoined and restrained from violating any provisions of the INA and the H-2A Implementing Regulations, with special emphasis in the manners identified below:

1. VH Defendants shall not, contrary to 20 C.F.R. § 655.122, require workers to perform work that was not authorized in a United States Department of Labor clearance order.

2. VH Defendants shall not, contrary to 20 C.F.R. § 655.122(h)(4) and 20 C.F.R. § 655.135(e), fail to provide transportation that complies with all applicable federal, state or local laws and regulations.

3. VH Defendants shall not, contrary to 8 U.S.C. § 1188(c)(4) and 20 C.F.R. § 655.122(d), fail to provide housing that meets the applicable health and safety standards at no cost to H-2A workers.

4. VH Defendants shall not, contrary to 20 C.F.R. § 655.122(g), fail to provide all H-2A workers with either meals or kitchen facilities.

5. VH Defendants shall not, contrary to 20 C.F.R § 655.122(l), fail to pay the workers at least the adverse effect wage rate, the prevailing hourly wage rate, the prevailing piece rate, the agreed-upon collective bargaining rate, or the Federal or State minimum wage rate, in effect at the time work is performed, whichever is highest, for every hour or portion thereof worked during a pay period.

6. VH Defendants shall not, contrary to 20 C.F.R § 501.4, "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any person who has" sought protections under the H-2A program.

## II.   MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that in consideration of this Consent Judgment, to resolve this case, and in restitution and remediation, judgement is entered in favor of the Secretary of Labor against VH Defendants in the amount of $281,683.08, which is comprised of $181,683.08 in back wages and damages, and $100,000.00 in civil money penalties.

1. VH Defendants shall satisfy the monetary terms of this judgment upon their

payment of $259,271.08 to the Secretary of Labor, which represents the total sum of the back wages and civil money penalties assessed and finally determined or ordered by the Secretary of Labor for this matter pursuant to authority granted in 29 C.F.R. § 501.16(a)(1).

2. VH Defendants shall make all back wage payments required in this Consent Judgment as follows:

    a. On or before November 18, 2022, for workers number 1-8 on the attached Exhibit A, by preparing a check or wire transfer in the amount indicated next to the workers name payable to the worker and the United States Department of Labor as the alternative payee. To fund these payments, VH Defendants will receive $22,411.08 from Defendant T & K Feeds, Inc. for back wages it owes worker numbers 1-9.

    b. On or before November 18, 2022, make payments as indicated in column "VH Payments 11/18/2022" on Exhibit A.

    c. On or before December 19, 2022, make payments in the amounts indicated in column "VH Additional Payments Due by 12/19.2022" on attached Exhibit A. VH Defendants shall make payments to the workers via check or wire transfer, as instructed by the Secretary of Labor, or if these methods are deemed not feasible by the Secretary of Labor by depositing the funds with the United States Department of Labor, Wage and Hour Division online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". All payments shall reference BW Case Number # 1972630.

    d. All payments of Civil Money Penalties shall be made by using the "WHD Civil Money Penalty Payment Form – Western Region" at https://www.pay.gov/public/form/start/77743734. The payment shall reference Case Number 1972630. VH Defendants shall make CMP payments as follows: March 1, 2023 - $25,000, June 1, 2023 -$25,000, September 1,

2023 - $25,000, December 1, 2023 - $25,000.

3. Any individual, agent, or entity acting on VH Defendants' behalf will be given notice of and an understanding of the provisions of this Consent Judgment.

4. Any successors-in-interest to VH Harvesting, LLC shall be given a copy of this Consent Judgment.

5. VH Defendants, and any successors to Defendant VH Harvesting (i.e., any entity acquiring at least 20% of its assets) and any individual, agent, or entity acting on its behalf or at its direction shall be debarred under 29 C.F.R. § 501.20 from receiving future labor certifications for three years starting 30 days from the date the notice of debarment is used by the Wage and Hour Division. VH Defendants, their successors, and any individual, agent, or entity acting on their behalf or at their direction agree and acknowledge in this Consent Judgment and that they are voluntarily and knowingly waiving any right that they may have to request review or otherwise contest this three-year debarment and the implementation thereof.  VH Defendants will not request review of or otherwise contest any debarment notice issued by the Wage and Hour Division and will allow it to become a final order.

6. VH Defendants, their successors, and any individual, agent, or entity acting on their behalf or at their direction shall be prohibited from applying for any future H-2A labor certifications under 20 C.F.R. Part 655, Sub-Part B or contesting any denial of future H-2A applications under 20 C.F.R. Part 655, Sub-Part B for three years from the date of this Consent Judgment.

7. VH Defendants, any successors to Defendant VH Harvesting (i.e., any entity acquiring at least 20% of its assets), and any individual, agent, or entity acting on its behalf or at its direction shall be debarred under 29 C.F.R. § 655.73 from receiving future labor certifications for three years starting 30 days from the date the notice of debarment issued by the Wage and Hour Division. VH Defendants, their successors, and any individual, agent, or entity acting on their behalf or at their direction agree and acknowledge in this Consent Judgment and that they are voluntarily and knowingly waiving any right that they

may have to request review or otherwise contest this three-year debarment and the implementation thereof. VH Defendants will not request review of or otherwise contest any debarment notice issued by the Wage and Hour Division and will allow it to become a final order.

8. VH Defendants, their successors, and any individual, agent, or entity acting on their behalf or at their direction shall be prohibited from applying for any future H-2 B labor certifications under 20 C.F.R. Part 655, Sub-Part B or contesting any denial of future H-2B applications under 20 C.F.R. Part 655, Sub-Part B for three years from the date of this Consent Judgment.

9. Each party shall bear all fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, any costs referenced in the Equal Access to Justice Act.

### III.   ENFORCEMENT

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 28th day of November, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge

# Exhibit A

| # | First Name | Last Name | Start Period | End Period | Back Wages VH | Back Wages T & K | Total Back Wages Due VH and T & K | T & K Payments 11/18/2022 | VH Payments 11/18/2022 | Total Payments 11/18/2022 | VH Additional Payments Due by 12/19/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Jose Alfredo | Vargas Magana | 3/4/2022 | 12/1/2022 | $5,256.00 | $4,694.93 | $9,950.93 | $4,694.93 | | $4,694.93 | $5,256.00 |
| 2 | Gerardo Jacob | Zepeda Zepeda | 3/4/2022 | 12/1/2022 | $9,722.24 | $4,634.35 | $14,356.59 | $4,634.35 | | $4,634.35 | $9,722.24 |
| 3 | Jose Domingo | Ponce Topete | 3/4/2022 | 12/1/2022 | $18,572.08 | $405.90 | $18,977.98 | $405.90 | $ 2,765.11 | $3,171.01 | $15,806.97 |
| 4 | Juan Manuel | Padilla Olivera | 3/4/2022 | 12/1/2022 | $15,429.84 | $1,613.89 | $17,043.73 | $1,613.89 | $ 1,557.11 | $3,171.00 | $13,872.73 |
| 5 | Juan Diego | Ramirez Penaloz | 3/4/2022 | 12/1/2022 | $16,404.59 | $327.12 | $16,731.71 | $327.12 | $ 2,843.88 | $3,171.00 | $13,560.71 |
| 6 | Juan Uvaldo | Lopez Landin | 3/4/2022 | 12/1/2022 | $21,091.64 | $337.12 | $21,428.76 | $337.12 | $ 2,833.88 | $3,171.00 | $18,257.76 |
| 7 | Miguel Gerard | Cortes Fregozo | 3/4/2022 | 12/1/2022 | $6,843.08 | $3,991.33 | $10,834.41 | $3,991.33 | $ 6,843.08 | $10,834.41 | $0.00 |
| 8 | Antonio | Irai Chavez Galve | 3/4/2022 | 12/1/2022 | $9,918.16 | $4,159.29 | $14,077.45 | $4,159.29 | | $4,159.29 | $9,918.16 |
| 9 | Alan Arturo | Bueno Cardenas | 3/4/2022 | 8/14/2022 | $5,658.64 | $2,247.15 | $7,905.79 | $2,247.15 to VH | | | $7,905.79 |
| 10 | Armando | Barriga Gonzalez | 6/1/2022 | 8/4/2022 | $3,374.82 | | $3,374.82 | | | | $3,374.82 |
| 11 | Carlos | Salas Remis | 3/4/2022 | 5/18/2022 | $3,038.96 | | $3,038.96 | | | | $3,038.96 |
| 12 | Dora | Galvez Alcaraz | 3/4/2022 | 10/16/2022 | $7,681.20 | | $7,681.20 | | | | $7,681.20 |
| 13 | Jairo Ivan | Barriga Rivera | 6/1/2022 | 8/4/2022 | $4,129.74 | | $4,129.74 | | | | $4,129.74 |
| 14 | Jesus | Ronquillo Salas | 3/4/2022 | 5/18/2022 | $4,282.91 | | $4,282.91 | | | | $4,282.91 |
| 15 | Jose Trinidad | Velasco Villa | 3/4/2022 | 12/1/2022 | $20,226.47 | | $20,226.47 | | | | $20,226.47 |
| 16 | Mario | Alvarado Navarr | 3/4/2022 | 4/16/2022 | $3,820.32 | | $3,820.32 | | | | $3,820.32 |
| 17 | Williams | Contreras Lopez | 3/4/2022 | 4/16/2022 | $3,820.32 | | $3,820.32 | | | | $3,820.32 |
| | | TOTAL | | | $159,271.01 | $22,411.08 | $181,682.09 | $22,411.08 | $16,843.06 | $37,006.99 | $144,675.10 |